MOORE, Circuit Judge,
dissenting.
Respectfully, I dissent. The following facts are undisputed: 1) the critical date is May 15, 2002; 2) there was an offer to sell to Country Repairs on April 18, 2002 and an acceptance of that offer; 3) The invention was reduced to practice by May 14, 2002; 4) the invention was shown in public on May 15, 2002; 5) the invention was delivered to Country Repair, pursuant to the April 18 invoice, on May 23, 2002.
Based upon these facts, I conclude the on-sale bar applies. Once an invention is reduced to practice, there is no further need for experimentation. Here, the inventor admits that his invention was reduced to practice at least as early as May 14, 2002. See J.A. 294. Reduction to practice means an invention has been physically built and is known to work for its intended purpose. Slip Track Sys., Inc. v. Metal-Lite, Inc., 304 F.3d 1256, 1265 (Fed.Cir.2002). The invention in this case was both offered for sale and reduced to practice prior to the critical date. Once the invention in this case was reduced to practice, which it was prior the critical date and prior to its delivery to Country Repairs, Country Repairs could not be experimenting on it. The completed invention was delivered to them ready for use — by the inventor’s own testimony — no further experimentation was necessary after May 14, 2002. In my opinion, that makes this sale commercial, not experimental in nature. Certainly when an inventor sells a product to a buyer in order for the buyer to experiment with it, this sale is experi *556 mental, and will not bar patentability. See EZ Dock v. Schafer Sys., 276 F.3d 1347, 1352-53 (Fed.Cir.2002). However, when an inventor offers to sell an invention, which is not yet reduced to practice, and then reduces it to practice, and delivers it pursuant to the contract, all prior to the critical date — this sale creates a bar to patentability. In this case, the sale has no experimental purpose. The buyer is not conducting experimentation for the paten-tee — there is no experimentation to be done — the invention is reduced to practice.
Whether a use is experimental is a question of fact. See Monon Corp. v. Stoughton Trailers, Inc., 239 F.3d 1253, 1258 (Fed.Cir.2001). I conclude that the PTO factfindings are supported by substantial evidence. There was a contract on April 18. Even if I agreed with the majority, that there was a need for additional experimentation at the time the invoice was generated, the inventor, by his own admission, did that experimentation and perfected the invention prior to the critical date. Hence, there is a sale of a perfected invention prior to the critical date — that is sufficient to bar patentability. There is no dispute that the tow truck and side puller system were reduced to practice by May 14, shown May 15, and delivered pursuant to the invoice to Country Repairs on May 23. If this delivery had occurred on May 14, after the reduction to practice and one day before the critical date, there would be no dispute that this constituted an on-sale bar. I cannot agree that this delay in delivery leads to the conclusion that the sale was for purposes of experimentation. To the contrary, I believe the facts in this case, including the invoice, acceptance, and reduction to practice, support the PTO’s finding that the sale was commercial in nature and should bar patentability under § 102(b). Because I conclude the PTO fact findings in this case are supported by substantial evidence, I would affirm.